-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS IPPOLITO, 92A7377

        Plaintiff,

    -v-                           05-CV-6683P
                                       **ORDER**

GLENN GOORD, Commissioner of
New York State Department of
Correctional Services;
DR. LESTER WRIGHT, Deputy
Commissioner for Health Services,
New York State Department
of Correctional Services, and
their Successors in office,
all in their official capacities
and individually;
DR. ALBERT POALANO, Facility
Health Services Director,
Great Meadow Correctional Facility;
DR. IRA ELLEN, Facility Health
Services Director, Clinton
Correctional Facility;
DR. EVELYN WEISSMAN, Facility
Health Services Director,
Upstate Correctional Facility;
THOMAS EDWARDS, Physician Assistant,
Attica Correctional Facility;
all individually;

        Defendants.

---

## INTRODUCTION

    Plaintiff Nicholas Ippolito, an inmate of the Attica Correctional Facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the

defendants; Glenn Goord, Commissioner of New York State Department of Correctional Services;

Dr. Lester Wright, Deputy Commissioner for Health Services; Dr. Albert Poalano, Facility Health Services Director, Great Meadow Correctional Facility; Dr. Ira Ellen, Facility Health Services Director, Clinton Correctional Facility; Dr. Evelyn Weissman, Facility Health Services Director, Upstate Correctional Facility; Thomas Edwards, Physician Assistant, Attica Correctional Facility; violated his constitutional rights by promulgating or enforcing a policy that deprived him of necessary treatment for a chronic medical condition.  For the reasons discussed below, plaintiff's request to proceed as a poor person is granted, several of his claims are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the complaint is sealed, and service by the U.S. Marshals is ordered with respect to the remaining claims.

## DISCUSSION

Preliminarily, the Court notes that the complaint includes highly personal medical information that would normally be expected to have been redacted or filed under seal given the availability of civil case file information on the internet pursuant to electronic filing.  See Privacy Notice to Pro Se Litigants.  For that reason, the Court will seal the complaint on it's own motion.

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this

action, plaintiff is granted permission to proceed *in forma pauperis*. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all factual allegations and must draw all inferences in plaintiff's favor. *See* King v. Simpson, 189 F.3d 284, 287 (2d Cir. 1999). Dismissal is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); *and see* Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir. 1998).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." Whalen v. County of Fulton, 126 F.3d 400, 405 (2d. Cir. 1997) (citing Eagleston v. Guido, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaint, the Court finds that several of plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b) because they fail to state a claim upon which relief may be granted.

The plaintiff has named as defendants persons involved in several incidents that occurred more than three years prior to the

filing of this action on November 23, 2005.  Three years is the statute of limitations period for claims asserted under 42 U.S.C. § 1983, *see* <u>Owens v. Okure</u>, 488 U.S. 235, 251 (1989); <u>Jewell v. County of Nassau</u>, 917 F.2d 738, 740 (2d Cir. 1990).  Unless there is some basis for tolling the statute of limitations, and plaintiff has raised none, the claims based on incidents prior to November of 2002 are barred by the statute of limitations.  Since plaintiffs claims relating to treatment received at the Great Meadow, Clinton, and Upstate Correctional Facilities complain of conduct that occured prior to November, 2002, those claims are dismissed, as are the claims against defendants Poalano, Ellen and Weissman, who were employed at those facilities.

Plaintiff has requested a preliminary injunction in this case. The Court declines to rule on the request at this time, but will address the request when the defendants have answered the complaint and addressed the request for a preliminary injunction.

<u>**CONCLUSION**</u>

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to the filing fee, his request to proceed *in forma pauperis* is hereby granted.  For the reasons discussed above, the complaint is sealed, plaintiff's claims based on incidents occurring before November of 2002 and against defendants Poalano, Ellen and Weissman are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and the U.S.

Marshal is directed to serve the summons and complaint on defendants Goord, Wright and Edwards regarding the remaining claims.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the claims against defendants Poalano, Ellen and Weissman are dismissed;

FURTHER, that the Clerk of the Court is directed to terminate defendants Poalano, Ellen and Weissman as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, **seal** the complaint, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon defendants Goord, Wright and Edwards without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint. Defendants must specifically address the request for a preliminary injunction in their answers.

**SO ORDERED.**

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:     March 8, 2006
           Rochester, New York

5