UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS IPPOLITO,

                 Plaintiff,

       v.

GLENN GOORD, et al.,

                 Defendants.

_____

DECISION & ORDER

05-CV-6683

       Plaintiff in the above-captioned matter has filed, a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that defendants have violated his constitutional rights by acting with deliberate indifference to his serious medical needs.  Currently before this Court are plaintiff's motion for the appointment of counsel (Docket # 16) and for an extension of the discovery period (Docket # 31).

       **A.  Motion for Appointment of Counsel:**  It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

       1.  Whether the indigent's claims seem likely to be of substance;

       2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

>3. Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;
>
>4. Whether the legal issues involved are complex; and
>
>5. Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks*, 114 F.3d at 392; *Cooper*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that defendants acted with deliberate indifference to his serious medical needs by denying Hepatitis C treatment to prisoners who did not participate in a prison substance abuse program. Through the current motion, plaintiff requests the assignment of counsel, asserting that he is unable to afford private counsel, that the issues involved are complex and that he has "limited knowledge of the law." (Docket # 16).

Pursuant to the standards promulgated by *Hendricks*, 114 F.3d at 392, and *Hodge*, 802 F.2d at 58, I find that the appointment of counsel is not necessary at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits. *See id.* This, plaintiff has failed to do. Moreover, despite plaintiff's assertions to the contrary, the legal issues in this case do not appear to be complex, and plaintiff has failed to offer any special reasons why appointment of counsel would be more likely to lead to a just determination. It is therefore the Decision and Order of this Court that plaintiff's motion for the appointment of counsel **(Docket # 16)** is **DENIED** without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit *pro se*. 28 U.S.C. § 1654.

**B. Motion for Extension of Discovery Period:** Plaintiff also moves for a 90-day extension of the discovery period. (Docket # 31). The scheduling order entered by this Court on June 22, 2006 requires that all discovery be completed by November 30, 2006. (Docket # 13). Plaintiff asserts that he has recently been provided with a significant amount of discovery materials and that he will need the requested additional time to adequately review those materials. Finding an extension of the discovery period warranted, plaintiff's motion **(Docket # 31)** is **GRANTED**, and it is hereby

ORDERED, all discovery in this case shall conclude on **February 28, 2007**. All motions to compel discovery shall be made returnable on or before **February 28, 2007**, and it is further

ORDERED, that all dispositive motions shall be filed no later than **March 30, 2007**.  **NOTE:** If the dispositive motion is filed against a party who is appearing in this action *pro se*, the moving party must include the following advisement:

> **PLEASE BE ADVISED**, that pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon the complaint [and amended complaint, if one has been filed], but you must respond, by affidavits or as otherwise provided in the rule, setting further specific facts showing that there are genuine issues of material facts for trial.  Any factual assertions in our affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions.  If you do not respond to [the moving party's] motion as described above, summary judgment, if appropriate, may be entered against you.  **If summary judgment is entered against you, your case against the moving party will be dismissed.**
>
> **PLEASE BE FURTHER ADVISED**, that pursuant to Local Rule 56 of the Western District of New York, you must include a separate, short, concise statement of any material facts as to which you contend there exists a genuine issue for trial.  In the absence of such a statement, all material facts set forth in the moving party's Local Rule 56 Statement will be deemed admitted.

and it is further,

ORDERED, that responding papers shall be filed by **June 29, 2007**.  Reply papers, if any, shall be filed by **August 1, 2007**.  The motion will be taken under advisement without oral argument, and it is further

ORDERED, that if no dispositive motions are filed, defense counsel shall notify the Court in writing on or before the dispositive motion deadline date. No extension of the above cutoff dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

**In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

*s/Marian W. Payson*<br>MARIAN W. PAYSON<br>United States Magistrate Judge

Dated: Rochester, New York
         November  1  , 2006