UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICHOLAS IPPOLITO,

              Plaintiff,

     v.

GLENN GOORD, et al.,

              Defendants.

DECISION & ORDER

05-CV-6683L

---

Plaintiff in the above-captioned matter has filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, that defendants Glenn Goord, former Commissioner of the New York State Department of Correctional Services, Dr. Lester Wright, Deputy Commissioner for Health Services, and Thomas Edwards, Physician Assistant at the Attica Correctional Facility, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. Currently before this Court are several different motions by plaintiff to compel responses to various of his discovery requests. (Docket ## 43, 80, 102).

**DISCUSSION**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for the discovery of "any matter, not privileged, that is relevant to the claim or defense of any party . . . . Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See Daval Steel Prods., a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1367 (2d Cir. 1991). Moreover, the "discovery regime set out by

the Federal Rules of Civil Procedure is an extremely permissive one to which courts have long 'accorded a broad and liberal treatment to effectuate their purpose that civil trials in federal courts [need not] be carried on in the dark.'" *In re Subpoena Issued to Friedman*, 350 F.3d 65, 69 (2d Cir. 2003) (*Schlagenhauf v. Holder*, 379 U.S. 104, 114-15 (1964)).

Under Federal Rule 37, "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling disclosure of discovery." Fed. R. Civ. P. 37(a). If, however, the party from whom discovery is sought believes the requested material is irrelevant, unduly burdensome or oppressive, it may object to such request and seek a protective order pursuant to Federal Rule 26(c).

Throughout this litigation plaintiff has served upon defendants numerous document demands, requests for admissions and interrogatories. Plaintiff now moves to compel responses to several of those requests. This Court will address each of plaintiff's motions in turn.

**A. November 9, 2006 Motion to Compel:** In the Fall of 2006, plaintiff served various discovery requests, including first and second requests for production of documents (dated August 7, 2006 and September 18, 2006) and first and second sets of interrogatories upon defendants Goord (first set dated July 31, 2006; second set dated August 29, 2006), Wright (first set dated July 31, 2006; second set dated August 29, 2006) and Edwards (first set dated August 18, 2006 (incorrectly named "second set")). (Docket ## 19, 20). On November 9, 2006, plaintiff moved to compel defendants' responses to these requests. (Docket # 43). A review of the record before the Court, however, reveals that defendants Edwards and Wright responded to the interrogatories on or before the date plaintiff filed this motion. (Docket ## 33, 40, 41). As to

Goord, the record reveals that he was working in Cuba when the interrogatories were served, but has since returned to this country and has responded to plaintiff's first and second sets of interrogatories on May 22, 2007. (Docket ## 89, 190).

Counsel for the defendants has further represented that documents in the possession of defendants responsive to plaintiff's first and second document demands have been produced or would be produced in the near future. (Docket # 63). Upon these representations, plaintiff's motion to compel responses to his first and second sets of interrogatories and first and second requests for production of documents (Docket # 43) is denied as moot, except as to any documents the defendants represented they would produce, but have not yet produced. Any such documents shall be produced by no later than **October 2, 2007**.

B. **April 18, 2007 Motion to Compel:** I make a similar determination on plaintiff's April 18, 2007 motion to compel. (Docket # 80). In this motion, plaintiff seeks to compel responses to three sets of interrogatories propounded upon defendant Goord. (*See* Docket ## 19, 21, 50). Plaintiff also seeks to compel responses to his third request for documents. (*See* Docket # 47). Since the motion was filed, Goord has responded to plaintiffs interrogatories. (Docket ## 91-93). On May 11, 2007, defendants filed a response to plaintiff's third demand for documents (Docket # 86), which was further supplemented by defendants on June 26, 2007 (Docket # 101). Accordingly, plaintiff's motion to compel responses to the interrogatories propounded upon defendant Goord and his third request for the production of documents (Docket # 80) is denied as moot, except as to any documents the defendants represented they would produce, but have not yet produced. Any such documents shall be produced by no later than **October 2, 2007**.

**C. June 27, 2007 Motion to Compel:** In this motion to compel, plaintiff seeks supplementation of defendants' initial document production. As noted above, defendants responded to plaintiff's November 9, 2006 motion by indicating, among other things, that they would supplement their responses to plaintiffs first document demands as such documents became available. Plaintiff now moves to compel a response to his fifth request, seeking "all documents written or created prior to and since March 31, 1999 that contain, mention, construe or refer to the medical dangers of chronic Hepatitis C disease, such as liver Fibrosis, liver failure, whether formal or informal, official or unofficial and not included in item 3 of this request." Plaintiff asserts that despite their representation that they would do so, defendants have failed to provide additional documents responsive to this request. (Docket # 102).

Defendants oppose this motion on the grounds that it is overbroad. Despite the objection, defendants apparently have supplemented their response by making available to plaintiff ten videotaped presentations. (Docket # 113 at ¶ 4). I agree with defendants' objection that the request is overbroad and unduly burdensome. Accordingly, plaintiff's motion to compel (Docket # 102) is denied. If plaintiff is aware of any specific documents that he believes are responsive to his request and relevant to his claims, he may renew his request specifying the specific documents he seeks.

**CONCLUSION**

For the foregoing reasons, plaintiff's motions to compel dated November 9, 2006 **(Docket # 43)**, April 18, 2007 **(Docket # 80)**, and June 27, 2007 **(Docket # 102)** are **DENIED in part** except as to any documents defendants represented they would produce, but have not, which shall be produced by no later than **October 2, 2007**.

**IT IS SO ORDERED.**

                                              *s/Marian W. Payson*
                                               MARIAN W. PAYSON
                                      United States Magistrate Judge

Dated: Rochester, New York
        September  21 , 2007