UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS IPPOLITO,

      Plaintiff,

   v.

GLENN GOORD, et al.,

      Defendants.
_____

DECISION & ORDER

05-CV-6683L

   Plaintiff in the above-captioned matter has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that defendants were deliberately indifferent to his serious medical needs.  Currently before this Court are two motions filed by plaintiff requesting "Order[s] that Matters be Taken as Admitted."  (Docket ## 82, 83).

   Rule 36 of the Federal Rules of Civil Procedure permits a party to serve upon any other party "a written request to admit . . . the truth of any matters . . . relating to: facts, the application of law to fact, or opinions about either."  Fed. R. Civ. P. 36(a)(1)(A).  According to the rule, once a request is made, the "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter."  Fed. R. Civ. P. 36(a)(3).

   In the case at bar, plaintiff has served numerous requests for admissions upon the defendants.  (*See* Docket ## 23, 24, 27, 28, 29, 30, 44, 45, 46, 49, 57, 66, 74, 75, 131, 132).  A review of the Court's docket reveals numerous responses to plaintiff's requests filed by counsel for the defendants.  (*See* Docket ## 32, 36, 38, 39, 48, 54, 60, 76, 77, 78).

Plaintiff contends that he has not received responses to various of his requests, namely, those served on September 4, September 11, September 18, November 20 and November 29, 2006.  (*See* Docket ## 82, 83).  This Court has been unable to determine whether any responses thereto have been filed by defendants because defendants have not responded to plaintiff's motions, notwithstanding this Court's Order requiring them to have done so months ago.[1]  (*See* Docket # 84).  Compounding the difficulty is the fact that plaintiff refers to his discovery requests by the dates they were served by plaintiff, rather than their docket numbers or dates upon which they were filed with the Court.

Accordingly, defendants shall advise this Court in writing by **March 7, 2008** whether they have responded to plaintiff's requests for admissions served on the above-referenced dates.  If so, defendants shall identify the date upon which such responses were served upon plaintiff, as well as the docket number in which each response is contained.  Defendants' failure to identify a properly-served response shall be deemed an admission to the request(s) and plaintiff's motion shall be granted on March 7, 2008 as to any request for admissions to which no response was made.

**IT IS SO ORDERED.**

                                                  *s/Marian W. Payson*
                                                  MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
       February  28 , 2008

---

[1] Defendants have also ignored this Court's motion scheduling order relating to the motion to compel the production of documents filed by plaintiff on October 16, 2007.  (Docket ## 121, 122).  Absent a response by defendants by March 7, 2007, that motion too shall be granted.