UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS IPPOLITO,

                Plaintiff,

      v.

GLENN GOORD, et al.,

                Defendants.
_____

DECISION & ORDER

05-CV-6683L

        Plaintiff in the above-captioned matter has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, that defendants were deliberately indifferent to his serious medical needs.  During the discovery phase of this litigation, plaintiff served numerous requests for admissions upon defendants.  (*See* Docket ## 23, 24, 27, 28, 29, 30, 44, 45, 46, 49, 57, 66, 74, 75, 131, 132).  Defendants responded to the majority of those requests.  (*See* Docket ## 32, 36, 38, 39, 48, 54, 60, 76, 77, 78).  On April 26, 2007, and May 4, 2007, plaintiff filed two separate motions with the Court requesting "Orders that Matters be Taken as Admitted."  (Docket ## 82, 83).  In his motions, plaintiff asserted that defendants had not responded to four of his requests for admissions, dated September 4, 2006, September 18, 2006, November 20, 2006 and November 29, 2006 (*see* Docket # 24, 27, 44, 46), and that defendants' responses to certain requests in a fifth request for admissions dated September 11, 2006 (*see* Docket # 23) were inadequate.

A motion scheduling order was issued by this Court setting a deadline for defendants to respond.  (Docket # 84).  Defendants failed to do so.  Defendants' failure to respond, coupled with plaintiff's reference to his requests by the dates upon which they were originally served instead of by their docket numbers, made it impossible for the Court to determine whether defendants had in fact responded to any of the requests at issue.  Accordingly, by Order dated February 28, 2008, defendants were required to advise the Court whether they had responded to any of the requests for admissions identified in plaintiff's motion.  That order further provided that a failure to identify a response would be deemed an admission.  (Docket # 133).  On March 7, 2008, counsel for the defendants submitted an affidavit acknowledging that defendants had not responded to the four requests for admissions now identified as docket numbers 24, 27, 44 and 46.  (Docket # 136).  In the affidavit, counsel did not seek leave to serve responses at this time.  (Docket # 136).

Rule 36 of the Federal Rules of Civil Procedure permits a party to serve upon any other party "a written request to admit . . . the truth of any matters . . . relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents."  Fed. R. Civ. P. 36(a)(1).  According to the rule, once a request is made, the "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter."  Fed. R. Civ. P. 36(a)(3).

Having reviewed plaintiff's requests for admissions and considering defendants' acknowledgment that they have not responded to the requests, I grant plaintiff's motion that his requests for admissions in docket numbers 24, 27, 44 and 46 be deemed admitted.

With respect to the adequacy of defendant Wright's responses to plaintiff's requests for admissions contained in docket number 23, I find that certain of his responses are insufficient.  Federal Rule 36 provides, "[t]he answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."  Fed. R. Civ. P. 36(a)(4).

In response to request nos. 1(d) through (v) relating to the authenticity of various documents in plaintiff's medical file, defendant Lester Wright, M.D. merely stated, "I cannot confirm the authenticity because I do not have access to plaintiff's original medical records." (Docket # 38).  This response does not satisfy the requirements of Rule 36(a)(4) because it does not affirm why Wright cannot readily obtain the information necessary to respond.  As the Deputy Commissioner for Health Services for the New York State Department of Correctional Services, Dr. Wright presumedly has access to plaintiff's medical files.  Accordingly, defendant Wright shall supplement his response to plaintiff's requests for admissions by either (1) admitting or denying each request; or (2) explaining the reasonable inquiry he has made to obtain the information sufficient to enable him to respond.  Such supplemental response shall be filed no later than March 24, 2008.

## CONCLUSION

For the foregoing reasons, plaintiff's motions that matters be deemed admitted **(Docket ## 82, 83)** are **GRANTED in PART**.

**IT IS SO ORDERED.**

                                                *s/Marian W. Payson*
                                                MARIAN W. PAYSON
                                            United States Magistrate Judge

Dated: Rochester, New York
        March   12  , 2008