UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS IPPOLITO,

                      Plaintiff,

        v.

GLENN S. GOORD, et al.,

                      Defendants.

_____

<u>DECISION & ORDER</u>

05-CV-6683L


## <u>INTRODUCTION</u>

Plaintiff, Nicholas Ippolito ("Ippolito"), commenced this action, *pro se*, pursuant to 42 U.S.C. § 1983. (Docket # 1). Ippolito asserts, among other things, that defendants Glenn Goord, former Commissioner of the New York State Department of Correctional Services ("DOCS"), Dr. Lester Wright, DOCS Deputy Commissioner for Health Services and Thomas Edwards, a physician's assistant at the Attica Correctional Facility, violated his constitutional rights by acting with deliberate indifference to his serious medical needs. (Docket # 1). Currently before the Court are four separate motions by Ippolito to compel the production of documents and one motion to compel responses to interrogatories. (Docket ## 104, 105, 107, 121, 151). Also before the Court are Ippolito's motion for leave to file an amended complaint and his motion to extend discovery deadlines. (Docket ## 138, 158). Finally, Ippolito has filed a motion for an award of costs and attorney's fees. (Docket # 155).

**DISCUSSION**

**I.  Motions to Compel**

Ippolito filed his first and second motions to compel on July 10, and July 11, 2007, respectively.  (Docket ## 104, 105).  In the first motion, Ippolito seeks to compel responses to a set of document requests served on May 21, 2007, to which, according to Ippolito, defendants failed to respond.  (Docket # 104).  Ippolito's second motion relates to a specific document request served among a set of requests on December 4, 2006.  (Docket # 105).

In his third motion to compel filed on July 18, 2007 (Docket # 107), Ippolito references several sets of interrogatories served upon defendant Glenn Goord and challenges all objections asserted by Goord.  According to Ippolito, the Court should deem Goord to have waived any objections because he failed to respond to the interrogatories in a timely fashion.

Ippolito filed the fourth of his five motions to compel on October 16, 2007. (Docket # 121).  In that motion, Ippolito seeks responses to document requests served upon the defendants.  (Docket # 121).  Subsequent to the filing of that motion, on March 19, 2008, Ippolito served defendants with another request for documents, seeking many of the same documents and also clarifying the specific documents he was seeking.  (Docket # 138).  He thereafter filed the fifth motion to compel seeking responses to his March 19, 2008 requests. (Docket # 151).

The threshold requirement of discoverability under the Federal Rules of Civil Procedure is whether the information sought is "relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  To be discoverable, the information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."

*Id*.  The relevance standard is necessarily broad in scope in order "to encompass any matter that

bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may

be in the case."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted).

*See Daval Steel Products, a Div. of Francosteel Corp. v. M/V Fakredine*, 951 F.2d 1357, 1368

(2d Cir. 1991) (parties entitled to discovery of any matter that appears "reasonably calculated to

lead to the discovery" of evidence) (quoting Fed. R. Civ. P. 26(b)(1)); *American Banana Co. v.*

*Republic Nat'l Bank of New York, N.A.*, 2000 WL 521341, *2 (S.D.N.Y. 2000) ("Rule 26 plainly

allows discovery related to the claims and defenses of any party").

Although the scope of discovery under the Federal Rules is broad, it is not without

limitation.  Indeed, Rule 26 provides that the court must limit the frequency or extent of

discovery if:

> (i) the discovery sought is unreasonably cumulative or duplicative,
> or can be obtained from some other source that is more convenient,
> less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain
> the information by discovery in the action; or
>
> (iii) the burden or expense of the proposed discovery outweighs its
> likely benefit, considering the needs of the case, the amount in
> controversy, the parties' resources, the importance of the issues at
> stake in the action, and the importance of the discovery in
> resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).  Even when the material in question is discoverable under the rules,

"the Court still has considerable discretion to evaluate the practical realities of discovery,

balancing the importance of the information against the burdens of production to decide whether

fairness does or does not require production, and if so, on what terms."  *Jones v. Goord*, 2002

WL 1007614, *6 (S.D.N.Y. 2002).

A. **Motions to Compel Dated July 10 and July 11, 2007:**  In his first motion to compel, Ippolito asserts that on May 21, 2007, he served seven document requests upon defendants seeking various documents related to DOCS statistics and reports concerning inmates suffering from Hepatitis C.  (Docket # 104).  According to Ippolito, defendants failed to respond to this request.  In his second motion, Ippolito reports that he served a separate set of document requests upon defendants on December 4, 2006.  Specifically, the eleventh request sought documents reflecting "the amount of money DOCS allocated for Hepatitis C treatment" for inmates during the years 1999 through 2006.  Defendants responded by providing relevant documents only for the years 2005 and 2006.  Ippolito now moves for compel defendants' response to his May 21, 2007 requests and to compel supplementation to the eleventh request of his December 4, 2006 requests.  (Docket ## 104, 105).

Pursuant to Ippolito's motions, by Order dated July 18, 2007, this Court issued a motion scheduling order, affording defendants ample opportunity to respond.  Defendants failed to respond to either motion to compel.  Accordingly, considering the above-cited authority, and defendants' lack of opposition, I find that the discovery sought by Ippolito is relevant to the claims and defenses of the parties.  It should be noted, however, that this Court has previously limited Ippolito's claims to events occurring after November 2002.  (Docket # 3).  Thus, to the extent they possess any such documents, defendants shall produce documents responsive to Ippolito's May 21, 2007 requests for the years 2002 through 2006, and shall supplement their response to the eleventh request of Ippolito's December 4, 2006 requests to include documents for the years 2002 through 2004.  Such documents shall be produced by no later than July 31, 2008.

4

     **B.  Motion to Compel Interrogatory Responses**:  Ippolito moves the Court to disregard defendant Goord's objections to numerous of his interrogatories and to require supplemental responses on the grounds that Goord failed to respond within the thirty-day period provided by the Federal Rules of Civil Procedure.  (Docket # 107); *see* Fed. R. Civ. P. 33.  A review of the record, however, reveals that Goord was working in Cuba at the time Ippolito served the interrogatories in question.  (Docket # 63, ¶ 9).  Shortly after his return, Goord filed responses to each of the several sets of interrogatories.  (Docket ## 89, 90, 91, 92, 93).

     On these facts, I find that, due to his unavailability, Good did not waive his right to object to the specific interrogatories by failing to respond within thirty days.  Ippolito has not been prejudiced by Goord's delay in answering.  Indeed, discovery has continued for over a year since the answers were filed.  I further find that the objections asserted by Goord were properly made.  I therefore deny Ippolito's motion to compel supplemental interrogatory responses.

     **C.  Motion to Compel dated October 16, 2007**:  In his October 16, 2007 motion to compel, Ippolito seeks production of "the Memorandum from defendant Wright dated January 8, 2002."  (Docket # 121).  In their response to Ippolito's motion, counsel for defendants agreed to produce a copy of the memorandum.  (Docket # 135).  Ippolito informed the Court by letter dated March 31, 2008 that he had not received a copy of the memorandum.  If defendants still have not produced a copy of the memorandum, it shall be produced by no later than July 31, 2008.

     Ippolito also moves to compel production of "any and all documents created by DOCS that reflect any drug testing done on plaintiff, including drug test results, from 1992 to the present."  (Docket # 121).  Defendants objected to this request on the grounds that it seeks

documents predating the relevant 2002 through 2006 period.  (Docket # 135).  Defense counsel

also represented to the Court that defendants have "produced plaintiff's medical records for the

period 2002 to August 2006, which include the records plaintiff now seeks."  (Docket # 135).  In

his reply, Ippolito explains that the request is aimed at "all documents created by DOCS that

reflect any drug testing done on plaintiff, including drug test results, from 1992 to the present."

(Docket # 141).  Ippolito further states that the requested records "are not medical records."

(Docket # 141).

      The Court agrees with defendants' assertion that any records predating 2002 are

outside the scope of this action.  Considering counsel's representation that all other responsive

documents have been produced,[1] Ippolito's motion to compel is denied, except to the extent it

seeks production of the January 8, 2002 memorandum referenced above.

      **D.  <u>Motion to Compel dated April 22, 2008</u>:**  Ippolito's April 22, 2008 motion

to compel seeks the results from various urinalysis tests performed on him.  (Docket # 151).

Specifically he requests the results of all testing conducted between January 26, 2001 and

February 26, 2003 and between May 17, 2001 and June 17, 2003. (Docket # 151).  As stated

above, defendants object to the extent Ippolito's motion relates to events prior to 2002 and also

represent that they have produced plaintiff's medical records for the period January 1, 2002 to

August 4, 2006.  (Docket # 157).

      Ippolito maintains that defendants have construed his requests too narrowly to

seek only medical records.  It is unclear on the record before me whether other records exist,

---

[1] Of course, defendants are required to produce, if they have not already done so, responsive records that may be maintained in a location separate from Ippolito's medical records.  Such documents shall be produced by no later than July 31, 2008.

apart from those contained in his medical record, reflecting urinalysis tests conducted on

plaintiff.  To the extent such records exist and have not been produced, they shall be produced by

no later than July 31, 2008.  To the extent that Ippolito's motion seeks records prior to January 1,

2002, the request is denied.


## II.  Motion to Amend

Ippolito also moves for leave to file an amended complaint.  (Docket # 138).

Defendants have not opposed plaintiff's motion.

Rule 15(a) of the Federal Rules of Civil Procedure provides that once the time for

amending a pleading as of right has expired, a party may request leave of the court to amend,

which "the court should freely give . . . when justice so requires.."  Fed. R. Civ. P. 15(a).  If the

underlying facts or circumstances relied upon by the party seeking leave to amend may be a

proper subject of relief, the party should be afforded the opportunity to test the claim on its

merits.  *See United States ex rel. Maritime Admin. v. Continental Illinois Nat'l Bank and Trust

Co. of Chicago*, 889 F.2d 1248, 1254 (2d Cir. 1989).  "In the absence of any apparent or declared

reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing

party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought

should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule

15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the

denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with

the spirit of the Federal Rules." *Id.* at 182; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

Of particular importance in considering a party's motion to amend is whether the non-moving party will be prejudiced by such amendment.  According to the Second Circuit, when evaluating prejudice, a court must consider "whether the assertion of the new claim would: (i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993) (citations omitted).

"One of the most important considerations in determining whether amendment would be prejudicial is the degree to which it would delay the final disposition of the action." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 88 (2d Cir.), *cert. denied*, 525 U.S. 1041 (1998) (internal quotation omitted).  Mere delay, however, unaccompanied by either bad faith or undue prejudice, does not warrant denial of leave to amend.  *Block v. First Blood Assocs.*, 988 F.2d at 350 (citing *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

In the case at bar, Ippolito seeks leave to amend his complaint in the following manner: to amend a factual allegation (paragraph 79) and the third count of his complaint (paragraph 101) to more accurately reflect defendant Wright's alleged role in the deprivation of Ippolito's Eighth Amendment rights and to amend another portion of his factual allegations (paragraph 59) to correct the date on which he was allegedly denied medical treatment by defendant Edwards.  (Docket # 138).  Considering the relatively simple nature of Ippolito's amended factual allegations, defendants' lack of opposition, and in view of the presumption that

leave to amend be given "freely," Fed. R. Civ. P. 15(a), I find that Ippolito should be permitted

leave to amend his complaint.  For these reasons Ippolito's motion to amend is granted.


### III.  Motion for Costs and Attorney's Fees

Ippolito further moves for an award of attorney's fees and costs associated with

the filing of his numerous discovery motions.  (Docket # 155).  According to his records, Ippolito

spent twenty-two hours preparing and filing his motions and incurred copying costs totaling

$6.00.  (Docket # 155).

Rule 37 of the Federal Rules of Civil Procedure requires:

> If a motion is granted – or if the disclosure or requested
> discovery is provided after the motion was filed – the court,
> must, after giving an opportunity to be heard, require the party
> or deponent whose conduct necessitated the motion, the party
> or attorney advising that conduct, or both to pay the movant's
> reasonable expenses incurred in making the motion, including
> attorney's fees.  But the court must not order this payment if:
>
> > (i)    the movant filed the motion before attempting in
> >        good faith to obtain the disclosure or discovery
> >        without court action;
> >
> > (ii)   the opposing party's nondisclosure, response, or
> >        objection was substantially justified; or
> >
> > (iii)  other circumstances make an award of expenses
> >        unjust.

Fed. R. Civ. P. 37(a)(5).

I decline to award any sanctions against defendants or their counsel at this time.

Although defendants apparently overlooked certain court-ordered deadlines in this case, I do not

find those failures to warrant sanctions, particularly considering the voluminous nature and

extensive record of the discovery sought by Ippolito (seven separate requests for documents, over ten sets of interrogatories and over fifteen sets of requests for admissions).  Should the directions in this Decision and Order not be complied with in a timely manner, however, Ippolito may renew his motion.

## CONCLUSION

For the foregoing reasons, it is this Court's Decision and Order that Ippolito's motions to compel the production of documents and supplemental interrogatory responses **(Docket ## 104, 105, 107, 121, 151)** are **GRANTED in PART and DENIED in PART**.  It is also the Decision and Order of this Court that Ippolito's motion for leave to file an amended complaint **(Docket # 138)** is **GRANTED.**  Ippolito is directed to file an Amended Complaint with the Clerk of the Court by July 31, 2008.  Upon receipt, the Clerk of the Court is directed to serve the Amended Complaint upon counsel for the defendants.  It is my further decision that Ippolito's motion for an award of costs and attorney's fees **(Docket # 155)** is **DENIED**.

In addition, pursuant to Ippolito's request for an extension of the discovery deadlines in this matter **(Docket # 158)**, it is hereby

ORDERED, that plaintiff's motion for an extension of time to complete discovery **(Docket # 158)** is **GRANTED**, and it is hereby

ORDERED, that the Scheduling Order shall be amended as follows:

1.      All discovery in this case shall conclude on **August 29, 2008**.  All motions to compel discovery shall be made returnable on or before **August 29, 2008**.

2.      All dispositive motions shall be filed no later than **October 24, 2008**.

**NOTE:** If the dispositive motion is filed against a party who is appearing in this action *pro se*,

the moving party must include the following advisement:

> **PLEASE BE ADVISED**, that pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon the complaint [and amended complaint, if one has been filed], but you must respond, by affidavits or as otherwise provided in the rule, setting further specific facts showing that there are genuine issues of material facts for trial.  Any factual assertions in our affidavits will be accepted by the Court as being true unless you submit affidavits or other documentary evidence contradicting our assertions. If you do not respond to [the moving party's] motion as described above, summary judgment, if appropriate, may be entered against you.  **If summary judgment is entered against you, your case against the moving party will be dismissed.**
>
> **PLEASE BE FURTHER ADVISED**, that pursuant to Local Rule 56 of the Western District of New York, you must include a separate, short, concise statement of any material facts as to which you contend there exists a genuine issue for trial.  In the absence of such a statement, all material facts set forth in the moving party's Local Rule 56 Statement will be deemed admitted.

3.      Responding papers shall be filed by **November 21, 2008**.  Reply papers, if

any, shall be filed by **December 8, 2008**.  The motion will be taken under advisement without

oral argument.

4.      If no dispositive motions are filed, defense counsel shall notify the Court

in writing on or before the dispositive motion deadline date.  No extension of the above cutoff

11

dates will be granted except upon written joint motion, filed prior to the cutoff date, showing good cause for the extension.

**In accordance with Fed. R. Civ. P. 16(f), if a party or party's attorney fails to obey this scheduling order or fails to participate in good faith, this Court will enter appropriate sanctions against that party or that party's attorney, including dismissal of this action, if appropriate.**

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated:  Rochester, New York
July   14  , 2008