UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NICHOLAS IPPOLITO,

                Plaintiff,

       v.

GLENN S. GOORD, et al.,

                Defendants.
_____

DECISION & ORDER

05-CV-6683L

## INTRODUCTION

Plaintiff Nicholas Ippolito ("Ippolito") commenced this action *pro se* pursuant to 42 U.S.C. § 1983. (Docket # 1). Ippolito asserts, among other things, that defendants violated his constitutional rights by acting with deliberate indifference to his serious medical needs. (Docket # 1). On July 14, 2008, this Court issued a Decision and Order regarding, among other things, several motions by Ippolito seeking to compel defendants' response to various discovery requests, as well as a motion for an award of costs and attorney's fees. In that decision, the Court granted Ippolito's motions to compel in part and directed defendants to respond to certain of his requests by no later than July 31, 2008. (Docket # 162). Ippolito's motion for sanctions was denied without prejudice to renewal in the event that defendants did not comply with the Court's direction in a timely manner. (Docket # 162).

On August 13, 2008, Ippolito filed another motion seeking an award of attorney's fees and costs, based upon his assertion that defendants had not provided the discovery required by the Court's July 14, 2008 Order. (Docket # 169). Pursuant to Ippolito's motion, a Motion

Scheduling Order was issued by this Court affording defendants until September 5, 2008 to respond to the motion. Defendants failed to file a response by that date. Shortly thereafter, however, on September 9, 2008, defendants filed responses to each of Ippolito's outstanding discovery requests. (Docket ## 173, 174, 175). Notwithstanding defendants' responses, by letter dated November 5, 2008, Ippolito requested that the Court enforce its July 14, 2008 Order and grant his motion for costs and attorney's fees. Finally, by letter dated November 14, 2008, counsel for defendants has represented to the Court that all responsive documents in defendants' possession have been provided to Ippolito.

## DISCUSSION

Ippolito asserts that he spent sixteen hours preparing and filing his motions to compel defendants' responses to the discovery requests at issue and incurred copying costs totaling $4.00. (Docket # 169).

> Rule 37 of the Federal Rules of Civil Procedure requires:
>
>> If [a] motion [to compel] is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court, must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>>
>>> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>>>
>>> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

        (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

    Considering the circumstances of this case, to the extent Ippolito seeks enforcement of this Court's July 14, 2008 Order, such motion is denied as moot pursuant to defense counsel's representation that all responsive documents have been disclosed.  *See American Banana Co., Inc. v. Republic Nat'l Bank of New York, N.A.*, 2000 WL 521341, *3 (S.D.N.Y. 2000) ("[c]ourt cannot compel production of what does not exist").

    To the extent Ippolito seeks an award of costs and attorney's fees, I find that he is entitled to a reimbursement of expenses.  Defendants have not offered any explanation for their failure to timely comply with this Court's Order requiring disclosure of supplemental discovery materials by July 31, 2008.  Defendants further failed, without explanation, to timely respond to Ippolito's pending motion for costs and fees.  As set forth above, when the disclosure of requested discovery materials is provided only after a motion to compel is filed, Rule 37 requires the responding party to pay the movant's reasonable expenses.  Fed. R. Civ. P. 37(a)(5)(A).  Although I decline to award the payment of attorney's fees, I find it appropriate for defendants to reimburse Ippolito for the photocopying costs incurred as the result of defendants' delayed response to his discovery requests.

## **CONCLUSION**

For the foregoing reasons, it is this Court's Decision and Order that Ippolito's motion for an award of costs and attorney's fees **(Docket # 169)** is **GRANTED in PART and DENIED in PART**.  Defendants' shall reimburse Ippolito for photocopying costs totaling $4.00.  **IT IS SO ORDERED.**

                                                      *s/Marian W. Payson*
                                                       MARIAN W. PAYSON
                                                       United States Magistrate Judge

Dated:  Rochester, New York
         November   18  , 2008