UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS IPPOLITO,

                                Plaintiff,

                                                                    <u>DECISION AND ORDER</u>

                                                                    05-CV-6683L

                                v.

GLENN GOORD, et al.,

                                Defendants.
_____

       Plaintiff, Nicholas Ippolito ("Ippolito"), commenced this lawsuit under 42 U.S.C. § 1983 claiming that several defendants were deliberately indifferent to his medical needs. Specifically, he claims that the defendants denied him a certain type of treatment for his Hepatitis C infection, in part because he refused to enroll in a substance abuse program as was required, at that time, by Department of Correctional Services ("DOCS") regulations.

       Pending before the Court is defendants' motion for summary judgment (Dkt. #186). The motion is denied without prejudice to filing a new motion with proper papers and appropriate legal authority.

       In the process of reviewing the parties' papers and engaging in some research, it is clear that issues concerning treatment of inmates with Hepatitis C has been a not infrequent subject of litigation in courts in the Second Circuit. The Court of Appeals for the Second Circuit has dealt with

the issue, *see, e.g.*, *Salahuddin v. Goord,* 467 F.3d 263 (2006); *McKenna v. Wright,* 386 F.3d 432 (2004), as have district courts within the Second Circuit, *see, e.g.*, *Johnson v. Wright,* 234 F.Supp.2d 352 (S.D.N.Y. 2002); *Richards v. Goord,* 2007 WL 201109 (N.D.N.Y. 2007); *Motta v. Wright,* 2009 WL 1437589 (N.D.N.Y. 2009).

In addition, it appears that DOCS entered into a settlement as part of a class action challenging the substance abuse requirement for inmates testing positive for Hepatitis C. *See Hilton v. Wright,* 2008 WL 53670 (N.D.N.Y. 2008).

Some of the cases discussed involve Lester Wright and Glenn Goord, two of the defendants in this very case.

What is startling to this Court is the fact that not one of the cases referenced above have been cited or discussed by defendants in their one-page treatment of issues involving deliberate indifference concerning inmates with Hepatitis C. (Dkt. #192). In fact, not one single case is cited concerning the deliberate indifference issue as it relates to Hepatitis C. The same can be said relative to defendant's treatment of qualified immunity. That issue has also been discussed in the cases concerning Hepatitis C.

It is shocking to the Court that any litigant would make a summary judgment motion on an important matter without any citation to germane legal authority, especially when there is considerable case authority to cite on the precise issue. It is especially troubling when such a motion is submitted on behalf of the Attorney General of the State of New York.

With such ample authority available, it appears that an appropriate motion would deal with and cite the relevant cases and indicate their relevance to this case based on the specific facts set forth in the supporting affidavits and declarations.

CONCLUSION

Defendants' motion for summary judgment (Dkt. #186) is denied at this time without prejudice to a renewal of the motion on proper papers.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
　　　　November 10, 2009.